# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TAMMIE PRATER WELLS**                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 18-274-JWD-RLB**

**PROGRESSIVE COMMUNITY CARE, INC.,**
**ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 31, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TAMMIE PRATER WELLS**                          **CIVIL ACTION**

**VERSUS**                                       **NO. 18-274-JWD-RLB**

**PROGRESSIVE COMMUNITY CARE, INC.,**
**ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

On April 11, 2018, the Court granted Tammie Prater Wells' ("Plaintiff") Motion for

Leave to Proceed in Forma Pauperis. (R. Doc. 3).  As Plaintiff is now proceeding in forma

pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to

determine whether the complaint should be dismissed as frivolous or malicious, or whether it

fails to state a claim on which relief may be granted.  In performing such review, the undersigned

issued a *sua sponte* order regarding subject matter jurisdiction in this action.

I.      **Background**

This is a breach of contract action.  Plaintiff, who appears to be a citizen of the State of

Louisiana, seeks relief from Keyorka Dennis, who also appears to be a citizen of the State of

Louisiana, and Progressive Community Care, Inc. (R. Doc. 1 at 1).  In her prayer for relief,

Plaintiff states that she "would like the court to order proper payment as agreed in the contract,"

further contending that while the contract was "for $2500 monthly for 2 years" (for a total of

$60,000), she only received $400. (R. Doc. 1 at 2).

On April 17, 2018, the Court issued a *sua sponte* order stating that in reviewing the

Complaint in the light most favorable to Plaintiff, it appears that the Court cannot exercise

subject matter jurisdiction over this action. (R. Doc. 4).  The Court noted that Plaintiff does not

1

seek relief under any federal law supporting federal question jurisdiction. *See* 28 U.S.C. § 1331.
The Court further noted that it appears that diversity jurisdiction is lacking because there is not
complete diversity between the parties and the requirement that the amount in controversy
exceed $75,000, exclusive of interest and costs, is not satisfied. *See* 28 U.S.C. § 1332.  The Court
ordered Plaintiff to either (1) amend her Complaint to provide the basis for subject matter
jurisdiction or (2) file a memorandum in support of a finding of subject matter jurisdiction based
on the allegations in the original Complaint.

On April 24, 2018, Plaintiff filed a document into the record asserting that Ms. Dennis
"did not cancel the contract according to the written agreements" and, again, indicating that
Plaintiff has only received $400 under the contract. (R. Doc. 5).  Attached to the document are
thirteen exhibits, including various emails between Plaintiff and Ms. Dennis and an invoice for
$2100 for services rendered in January of 2018. (R. Doc. 5-1).  Plaintiff did not seek leave to
amend her Complaint.

**II.     Law & Analysis**

When original jurisdiction is based on diversity of citizenship, the cause of action must
be between "citizens of different states" and the amount in controversy must exceed the "sum or
value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  "The party
seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the
parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co.
of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*,
134 F.3d 1250, 1253 (5th Cir. 1998).

Plaintiff has not met her burden of establishing that this Court can exercise diversity
jurisdiction over this action pursuant to 28 U.S.C. § 1332.

First, Plaintiff has not established that the parties are completely diverse. When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). The Complaint suggests that both Plaintiff and Ms. Dennis are domiciled in, and therefore citizens of, the State of Louisiana. Furthermore, Plaintiff does not identify the citizenship of Progressive Community Care, Inc., which is determined by the corporation's state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). Accordingly, Plaintiff has not met her burden of establishing that the parties are completely diverse.

Second, Plaintiff has not established that the amount in controversy requirement is satisfied. In her prayer for relief, Plaintiff is seeking, at most, $60,000, for the alleged breach of contract. The documents submitted by Plaintiff to the Court do not support a finding that any more than $60,000 is in controversy. Plaintiff has not otherwise alleged that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, or otherwise submitted evidence indicating that the amount in controversy requirement is satisfied.

III.    **Conclusion**

Based on the foregoing, the Court concludes that it cannot exercise original subject

matter jurisdiction over her state law breach of contract action.[1]

**IT IS RECOMMENDED** that Plaintiff's Complaint should be **DISMISSED**

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on May 31, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] By concluding that the Court does not have original subject matter jurisdiction, the Court makes no finding regarding the merits of Plaintiff's claims against the defendants. Plaintiff may seek relief in a state court of appropriate jurisdiction.

4